# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | BR Enterprises, a California Partnership | **Case No :** | 15–21575 – A – 11 |
| | | **Date :** | 10/05/2015 |
| | | **Time :** | 10:00 |
| **Matter :** | [152] – Motion to Sell Free and Clear of Liens [HLC–13] Filed by Debtor BR Enterprises, a California Partnership (Fee Paid $0.00) (eFilingID: 5613723) (dpas) [152] – Motion/Application to Pay [HLC–13] Filed by Debtor BR Enterprises, a California Partnership (dpas) [152] – Motion/Application to Pay [HLC–13] Filed by Debtor BR Enterprises, a California Partnership (dpas) [152] – Motion/Application for Waiver of Fourteen Day Stay [HLC–13] Filed by Debtor BR Enterprises, a California Partnership (dpas) | | |
| **Judge :** **Department :** | Michael S. McManus A | **Courtroom Deputy :** **Reporter :** | Sarah Head Electronic Record |

**APPEARANCES for :**
**Movant(s) :**
    Debtor(s) Attorney – George C. Hollister
**Respondent(s) :**
(by phone)    Creditor's Attorney – Scott Keehn

ORDER TO BE PREPARED BY :        Movant(s)

Final Ruling: The motion will be granted in part.

The chapter 11 debtor requests authority to sell as is and without warranties for $750,000, the estate's interest in its real property in Indian Wells, California, along with personal property furnishings located on the real property (having depreciated book value of $41,542), to Carol Pavlick.

The Curto Family Trust has filed a limited objection, challenging approval of the sale free and clear of the trust's sole encumbrance on the real property, a mortgage claim.

The sale is subject to non–monetary encumbrances, such as covenants, easements, restrictions and conditions, as described in the title report.

The debtor also asks for waiver of the 14–day period of Fed. R. Bankr. P. 6004(h) and asks for approval of the payment of Keller Williams Realty's 6% real estate commission, "to be shared as negotiated with any participating broker." Docket 152 at 3.

Under the purchase and sale agreement, the debtor shall pay for: a hazard report, a termite report, installation of smoke and carbon monoxide alarms, water heater bracing devices, seller's escrow and title insurance fees, seller's transfer fees, HOA document preparation fees, home warranty, property taxes, real estate broker's fees ($45,000), and $1,000 credit to buyer agreed to in connection with the buyer's waiver of contingencies after inspection of the property. The debtor's estimated closing costs total approximately $49,166, including the broker fees.

The debtor seeks approval of the sale free and clear of the only encumbrance against the real property, a mortgage held by the Curto Family Trust.

The debtor anticipates that the estate will net approximately $72,800 from the sale.

11 U.S.C. § 1107(a) provides that a debtor–in–possession shall have all rights, powers, and shall perform all functions and duties, subject to certain exceptions, of a trustee, "[s]ubject to any limitations on [that] trustee." This includes the trustee's right to sell property of the estate pursuant to section 363. 11 U.S.C. § 363(b) allows, then, a debtor–in–possession to sell property of the estate, other than in the ordinary course of business. The sale must be fair, equitable, and in the best interest of the estate. Mozer v. Goldman (In re Mozer), 302 B.R. 892, 897 (C.D. Cal. 2003).

Under 11 U.S.C. § 363(f), "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if – (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

The real property had been marketed without success for over 800 days prior to this offer. The sale will generate some proceeds for distribution to creditors of the estate, while freeing the estate from ongoing obligations in owning the property.

The court will waive the 14–day period of Rule 6004(h) and will authorize payment of the real estate commission, in accordance with the employment terms approved by the court.

The court will not approve the sale free and clear of the Curto Family Trust mortgage claim given that the trust has agreed to the debtor's calculation of the trust's claim. The difference in the calculation is a 0.1% interest rate, which the trust is willing to relinquish. More, the debtor's reply to the objection agrees to pay the amount sought in the objection. Dockets 171 & 177.

As to the other concessions sought by the debtor from the trust (Docket 177 at 2–3), such concessions do not relate to the trust's claim secured by the real property being sold here. Those concessions relate to other potential claims – characterized as "additional claims, known or unknown," "all claims, including unknown and/or unsuspected claims" – the trust may have against the estate. Docket 177 at 3.

But, section 363(f)(4) references only "such interest," thus applying solely to the interest of which the sale is to be approved free and clear. The provision does not apply when there is a bona fide dispute over other claims. And, even if this were the case, the debtor has identified no other claims the trust has or may have against the estate.

The debtor then has not established a bona fide dispute under section 363(f)(4) with respect to the trust's subject claim.

Moreover, the debtor's adamancy of seeking a release of the trust's "other" claims makes no sense, given that the deadline for filing proofs of claim in this case expired on June 25, 2015 and the trust has filed a single proof of claim against the estate, secured by the real property being sold here. POC 4.