7

Walter R. Dahl, CSB No. 102186 [wdahl@DahlLaw.net]
Andrew Brian Reisinger, CSB No. 277472 [abreisinger@DahlLaw.net]
**DAHL LAW, ATTORNEYS AT LAW**
2304 "N" Street
Sacramento, CA 95816-5716

Telephone: (916) 446-8800
Telecopier: (916) 446-1634

Attorneys for Redding Bank of Commerce

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In Re:<br><br>BR Enterprises, a California general partnership<br><br>400 Redcliff Drive, Redding, CA 96002<br>TIN: xx-xxx3256<br><br>Debtor(s). | Case No.: 15-21575-A-11<br>DC No.: n/a<br><br>Date: November 2, 2015<br>Time: 10:00 a.m.<br>Judge: McManus<br>Courtroom: 28; Dept A<br>Place: 501 I Street, 7th Floor<br>Sacramento CA 95814 |

**DECLARATION OF RANDY FITZPATRICK IN SUPPORT OF OBJECTION BY REDDING BANK OF COMMERCE TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION [SEPTEMBER 10, 2015]**
**[11 U.S.C. § 1129]**

I, Randy Fitzpatrick, declare as follows:

1. I have personal knowledge of, or have reviewed the books, files and records which have been maintained in the ordinary course of business of the Bank which validate the matters set forth in this declaration, except as to those matters set forth on information and belief, which I believe to be true. If called upon, I am competent to testify as to the matters set forth in this declaration, and would testify in accordance with this declaration.

2. I am the Vice President and Special Assets Officer of Redding Bank of Commerce ("the Bank"), which is a secured creditor in the bankruptcy case of BR Enterprises, a California general partnership.

3. I have been employed by the Bank since May 27, 2014. I have been employed as a banker for over thirty years. I have over fifteen years experience in commercial lending, and over fifteen years experience in special assets, which is the administration and collection of problem loans.

4. Debtor and its general partner Antonio Rodriguez, Jr. (also sometimes referred to as Antonio Rodriguez II), the father of Rod III, who is now Debtor's managing general partner, have had a long debtor-creditor relationship with the Bank, which included loans extended by the Bank to Debtor and to entities related to Antonio Rodriguez.

5. As of July 31, 2013, the Rodriguez-controlled entities of JSR Properties, a California corporation ("JSR"), Shasta Enterprises, a California general partnership ("Shasta"), and BR Enterprises, a California general partnership ("BR"), were obligated to the Bank as follows:

**Loan No. xxx8578**:
Borrower:    JSR Properties, a California corporation ("JSR")
Guarantor:   Antonio Rodriguez, II
Collateral:  1st Deed of Trust - 202 Hemsted Drive, Redding, CA 96002

This loan was evidenced by a promissory note dated May 16, 2008, in the original principal amount of $2,850,000.00, and related loan and security documents. As of July 15, 2013, the unpaid principal and accrued interest owing Bank under Loan No. 3158578 totaled $2,775,389.73. To the extent applicable, late fees, default interest, collateral appraisal fees, and attorneys fees are not included in such computation. As of July 31, 2013, this loan was in payment default, and the Bank had elected to demand payment in full.

**Loan No. xxx7725**:
Borrower:    Shasta Enterprises, a California general partnership
Guarantor:   none
Collateral:  1st Deed of Trust - 3611 Avtech Parkway, Redding, CA 96002

This loan was evidenced by a promissory note dated March 5, 2008, in the original principal amount of $3,375,000.00, and related loan and security documents. As of July 15, 2013, the unpaid principal and accrued interest owing Bank under Loan No. 3157725 totaled $3,393,468.75. To the extent applicable, late fees, default interest, collateral appraisal fees, and attorneys fees are not included in such computation. An installment payment was due on February 1, 2013, and Loan No. 3157725 was due in full March 1, 2013 without acceleration, and thus this loan was in default. In addition, the terms of this loan provided that at Bank's option, this loan may be declared in default upon default in any other loans extended by Bank, and Bank previously exercised such option and demanded payment in full.

**Loan No. xxx7822**:
Borrower:    Shasta Enterprises, a California general partnership

```
Guarantor:    none
Collateral:   1st Deed of Trust - 3688 Avtech Parkway, Redding, CA 96002
```

This loan was evidenced by a promissory note dated March 5, 2008, in the original principal amount of $2,100,000.00, and related loan and security documents. As of July 15, 2013, the unpaid principal and accrued interest owing Bank under Loan No. 3157822 totaled $1,988,963.08. To the extent applicable, late fees, default interest, collateral appraisal fees, and attorneys fees are not included in such computation. Absent acceleration by reason of default, Loan No. 3157822 matured March 1, 2018. An installment payment was due on February 1, 2013, and on the same day of each month thereafter, and thus Loan No. 3157822 was in default. In addition, the terms of this loan provided that at Bank's option, this loan may be declared in default upon default in any other loans extended by Bank, and Bank previously exercised such option and demanded payment in full.

**Loan No. xxx5328**:
```
Borrower:     Shasta Enterprises, a California general partnership
Guarantor:    none
Collateral:   1st Deed of Trust - 250 Hemsted Drive, Redding, CA 96002
```

The loan is evidenced by a promissory note dated July 14, 2006, in the original principal amount of $6,000,000.00, and related loan and security documents. As of July 15, 2013, the unpaid principal and accrued interest owing Bank under Loan No. 4175328 totaled $5,352,141.34. To the extent applicable, late fees, default interest, collateral appraisal fees, and attorneys fees are not included in such computation. Absent acceleration by reason of default, Loan No. 4175328 matures July 1, 2016. An installment payment was due on April 1, 2013, and on the same day of each month thereafter, and thus Loan No. 4175328 was in default. In addition, the terms of this loan provide that at Bank's option, this loan may be declared in default upon default in any other loans extended by Bank, and Bank previously exercised such option and demanded payment in full.

**Loan No. xxx1153**:
```
Borrower:     Shasta Enterprises, a California general partnership
Guarantor:    none
Collateral:   1st Deed of Trust - 355 Hemsted Drive, Redding, CA 96002
```

This loan is evidenced by a promissory note dated December 10, 2009, in the original principal amount of $1,125,000.00, and related loan and security documents. As of July 15, 2013, the unpaid principal and accrued interest owing Bank under Loan No. 3161153 totaled $1,125,458.53. To the extent applicable, late fees, default interest, collateral appraisal fees, and attorneys fees are not included in such computation. Absent acceleration by reason of default, Loan No. 3161153 matured January 1, 2020. An installment payment was due on February 1, 2013, and on the same day of each month thereafter, and thus Loan No. 3161153 was in default. In addition, the terms of this loan provide that at Bank's option, this loan may be declared in default upon default in any other loans extended by Bank, and Bank previously exercised such option and demanded payment in full.

**Loan No. xxx1161**:
```
Borrower:     Shasta Enterprises, a California general partnership
Guarantor:    none
Collateral:   1st Deed of Trust - 381, 391 & 393 Hemsted Drive, Redding, CA 96002
```

This loan is evidenced by a promissory note dated December 10, 2009, in the original principal amount of $1,000,000.00, and related loan and security documents. As of July 15, 2013, the unpaid principal and accrued interest owing Bank under Loan No. 3161161 totaled $1,022,966.17. To the extent applicable, late fees, default interest, collateral appraisal fees, and

attorneys fees are not included in such computation. Absent acceleration by reason of default, Loan No. 3161161 matured October 1, 2017. An installment payment was due on February 1, 2013, and on the same day of each month thereafter, and thus Loan No. 3161161 was in default. In addition, the terms of this loan provide that at Bank's option, this loan may be declared in default upon default in any other loans extended by Bank, and Bank previously exercised such option and demanded payment in full.

**Loan No. xxx0610**:
Borrower:    BR Enterprises, a California general partnership
Guarantor:   none
Collateral:  1st Deed of Trust - Cottonwood Creek Ranch, 20500 Lake California Drive, Cottonwood, CA 96022

This loan is evidenced by a promissory note dated September 3, 2009, in the original principal amount of $5,461,984.00, and related loan and security documents. As of July 15, 2013, the unpaid principal and accrued interest owing Bank under Loan No. 3160610 totaled $5,406,189.56. To the extent applicable, late fees, default interest, collateral appraisal fees, and attorneys fees are not included in such computation. Absent acceleration by reason of default, Loan No. 3160610 matures May 1, 2016. An installment payment was due on March 1, 2013, and on the same day of each month thereafter, and thus Loan No. 3160610 was in default. The Bank previously notified BR of such default, and demanded payment in full.

6. As of July 31, 2013, all of the loans extended by the Bank to the Rodriguez-controlled entities were in default, and such borrowers were facing foreclosure by the Bank. JSR, Shasta and BR, all then controlled by Rod Jr., desired to liquidate the real property securing such loans in an orderly fashion, rather than by foreclosure. Such entities and the Bank thus negotiated and entered into a comprehensive loan restructuring and workout, which provided the Rodriguez-controlled entities a forbearance period of up to June 30, 2014 to repay the Bank's loans such as by sales or refinancing, and a reduction of the interest rate on such loans to 1.0% during the forbearance period. In exchange, and as additional collateral for all the loans, BR agreed to grant the Bank a first priority deed of trust and assignment of rents encumbering approximately 2,600 acres of undeveloped real property located in Tehama County, California, generally located just south of BR's Sunset Hills subdivision (the "2,600 Acres" or the "Additional Collateral").

7. On or about August 16, 2013, the Bank and BR entered into a comprehensive Loan Restructure & Workout Agreement ("the BR Restructuring"). In addition, both Rod Jr. and Rod III individually signed the BR Restructuring. A true and correct copy of the BR Restructuring accompanies this Objection as Exhibit "A".

8. On or about August 16, 2013, the Bank and JSR entered into a comprehensive Loan Restructure & Workout Agreement ("the JSR Restructuring"). In addition, Rod Jr. individually signed

1 the JSR Restructuring. A true and correct copy of the JSR Restructuring accompanies this Objection as Exhibit "B".

9. On or about August 16, 2013, the Bank and Shasta entered into a comprehensive Loan Restructure & Workout Agreement ("the Shasta Restructuring"). Both Rod Jr. and his wife Lorraine Rodriguez signed the Shasta Restructuring. A true and correct copy of the Shasta Restructuring accompanies this Objection as Exhibit "C".

10. On or about September 6, 2013, Rod II and Rod III, as the general partners of BR, executed and delivered to the Bank the deed of trust contemplated by the BR Restructuring, the JSR Restructuring and the Shasta Restructuring. That deed of trust encumbering the 2,600 Acres was recorded with Tehama County on September 12, 2013, and a true and correct copy of the as-recorded Deed of Trust accompanies this Objection as Exhibit "D".

11. On August 12, 2013, Shasta paid off Loan No. xxx7522 by selling 3688 Avtech Parkway, the real property which was the primary collateral for such loan. On October 22, 2013, Shasta paid off Loan No. xxx7725 by selling 3611 Avtech Parkway, the real property which was the primary collateral for such loan. As a consequence of these two payoffs, the forbearance period under the Shasta Restructuring, the JSR Restructuring and the BR Restructuring was extended through June 30, 2014.

12. Thereafter, none of the remaining loans to the Rodriguez-controlled entities referenced above were repaid, and thus the Bank initiated foreclosure and other collection remedies.

13. Facing foreclosure and other collection actions, Shasta filed a Chapter 11 reorganization with this court on October 31, 2014 [Case No. 14-30833-A-11]. Upon the Bank's motion, Hank M. Spacone was appointed as Chapter 11 Trustee and continues to so serve.

14. Facing foreclosure, JSR filed a Chapter 11 reorganization with this court on November 26, 2014 [Case No. 14-31675-A-11]. Upon the Bank's motion, the case was dismissed on February 4, 2015.

15. Facing foreclosure, BR filed this Chapter 11 reorganization on February 27, 2015.

16. On June 25, 2015, I authorized counsel for the Bank to file two proofs of secured claim with this Court. The Court assigned Claim Nos. 7 and 8 to the proofs of claim.

17. Claim No. 7, in the amount of $1,835,627.73, is based on Loan No. xxx0610, evidenced by a promissory note dated September 3, 2009 executed by BR in favor of the Bank ("the Cottonwood

Creek Ranch Loan"). The primary collateral for the Cottonwood Creek Ranch Loan is approximately 279 acres of irrigated pasture land immediately adjacent to the 14-acre parcel upon which the personal residence and stables of Rod II and Lorraine (also owned by BR) are located. Pursuant to the BR Restructuring, the 2,600 Acres is additional collateral for the Cottonwood Creek Ranch Loan.

18. Claim No. 8, which was filed in the amount of $1,360,715.58, is based on the accumulated deficiencies, both actual and projected, resulting following the sale or other liquidation of the primary collateral securing the loans to JSR, Shasta, and BR, which deficiencies are secured by the 2,600 Acres pursuant to the BR Restructuring, the JSR Restructuring, and Shasta Restucturing and the deed of trust encumbering the 2,600 Acres [Exhibit "D"]. A true and correct copy of Claim No. 8 accompanies this Objection as Exhibit "E". At the time it was filed, Claim No. 8 was partially based on estimated deficiency claims, with interest accrued at the various non-default interest rates provided by the promissory notes.

19. Since the filing of Claim No. 8, the actual deficiency has been determined for Shasta's Loan No. xxx1153 [secured by 355 Hemsted] and for Shasta's Loan No. xxx1161 [secured by 381-401 Hemsted] as a consequence of the Bank's foreclosures.

20. When Claim No. 8 was filed, no deficiency was estimated for Shasta's Loan No. Xxx5328, based upon the appraised value and the then payoff balance. However, the appraised value was based upon a building with 100% occupancy, and the building has been one-third vacant for many months. In addition, the payoff balance has grown significantly, as the "adequate protection" payments tendered from the Shasta bankruptcy estate do not cover interest accrual. Thus, it is possible that a deficiency balance may be established upon the sale or other liquidation of 250 Hemsted.

21. At present, the Bank does not anticipate a deficiency balance will result from the sale or other liquidation of Cottonwood Creek Ranch which is the primary collateral for BR's Loan No. xxx0610.

22. As of November 2, 2015, the accumulated deficiency claim of the Bank as represented by Claim No. 8 and secured by the 2,600 Acres will be in excess of $1,800,000, assuming that 250 Hemsted is valued at $5,700,000, as noted on the Accumulated Deficiency Claim Calculation which accompanies this Opposition as Exhibit "F".

23. Debtor's proposed Plan of Reorganization does not provide for any post confirmation payments of interest for application to the Accumulated Deficiency Claim represented by Proof of Claim No. 8. Debtor's plan does provide for up to 24 months following the Effective Date for payment in full of Claim No. 7. Assuming that the Effective Date will be approximately December 5, 2015, the Accumulated Deficiency Claim, calculated using the default rate of interest provided by the various promissory notes would grow to in excess of $3,770,000 by December 5, 2017, but for the cap of $2,600,000 the Bank agreed to in the BR Restructuring, the JSR Restructuring and the Shasta Restructuring.

24. If the Accumulated Deficiency Claim as were calculated using the non-default interest rates provided in the various promissory notes, it would grow to in excess of $2,500,000 as of December 5, 2017.

25. If the Accumulated Deficiency Claim as were calculated using the 4.5% interest rate which BR's Plan of Reorganization proposes for the Bank's Claim No. 7, it would grow to in excess of $2,144,000 as of December 5, 2017.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at ___Redding___, California.

Dated: 10-19-2015

_____
Randy Fitzpatrick